IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                     No. 2:07-cr-65-EFB

    vs.

KATHERINE JOY MURIEL,

    Defendant.                  <u>ORDER</u>

                                         /

Defendant has filed a "Motion to Expunge Records Relating to Arrest" requesting "to have the record relating to her arrest in this matter expunged." Dckt No. 14, at 1. She relies on the provisions of 18 U.S.C. § 3607 and 21 U.S.C. § 844 (B)(1) and (2). Section 3607 of Title 18 provides for expungement relief, upon successful completion of probation among other requirements, from a conviction under 21 U.S.C. § 844 for simple possession of a controlled substance. Defendant's conviction was under 18 U.S.C. § 641 (Theft of Government Property) and although she has successfully completed probation, the provisions of Section 3607 have no application to her conviction. Accordingly, her request for expungement under that statute must be denied.

Furthermore, Congress has not otherwise conferred jurisdiction on the district court in a criminal case to expunge a record of a valid arrest and conviction solely for equitable

1

considerations. *See United States v. Sumner*, 226 F.3d 1005, 1015 (9th Cir 2000) ("district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error."). As discussed in *Sumner*, *id.* at 1012-13, several statutory and ancillary jurisdictional remedies exist to correct inaccurate records or clerical mistakes or to set aside unlawful convictions or to expunge records of an unlawful conviction, but none of those provisions have any application here.

Therefore, defendant's Motion to Expunge Records Relating to Arrest, Dckt. No. 14, is denied.

DATED: September 26, 2012

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE